UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PS

CHARLES D. MCCLINTON,

    Plaintiff,

-v-

ROCKER, *Deputy Superintendent of Security, Five Points Correctional Facility,* et al.,

    Defendants.

**DECISION AND ORDER**

18-CV-6301 EAW

*Pro se* plaintiff Charles D. McClinton ("Plaintiff") is a prisoner currently confined in the Five Points Correctional Facility who has filed a Complaint asserting claims under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff was previously granted permission to proceed *in forma pauperis*. (Dkt. 10). Before the Court is Plaintiff's Amended Complaint. (Dkt. 11). For the reasons stated below, Plaintiff's permission to proceed *in forma pauperis* is revoked and the Amended Complaint will be dismissed unless Plaintiff pays the filing and administrative fees of $400.00 as directed below.

**DISCUSSION**

**I.**     **Three "Strikes" Rule**

A "prisoner," *see* 28 U.S.C. 1915(h),[1] who has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1]     "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for . . . violations of criminal law or the terms and

- 1 -

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . .," may not proceed *in forma pauperis* "unless [he] is under imminent danger of serious physical injury." *Id.*, § 1915(g). In other words, when a prisoner has garnered three "strikes," as they are commonly known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury. In that regard, the Court must determine whether the plaintiff was in imminent danger at the time of the filing of the complaint. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

Subsequent to entry of the Decision and Order granting Plaintiff's motion to proceed *in forma pauperis* (Dkt. 10), it came to the Court's attention that the United States District Court for the Northern District of New York has previously determined that Plaintiff has garnered three strikes. *See McClinton v. Graham*, 9:18-CV-0752 BKS DJS, 2018 WL 4565772 (N.D.N.Y. Sept. 24, 2018).[2] In the *Graham* case, the three strikes were identified as *McClinton v. Connolly*, 13-CV-2375 KMW DCF, 2014 WL 5020593, at *2 (S.D.N.Y. Oct. 8, 2014); *McClinton v. Henderson*, 13-CV-3335 JFB GRB, 2014 WL 2048389, at *2 (E.D.N.Y. May 19, 2014); and *McClinton v. Suffolk Cty. Dist. Atty.*, 13-CV-3673 JFB GRB, 2013 WL 6910325, at *1 (E.D.N.Y. Dec. 30, 2013). *Id.* The Court has reviewed the decisions in each of these cases and confirmed that they qualify as "strikes" under § 1915g. Thus, at

---

conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2]  The plaintiff in the *Graham* case had the inmate identification number 16-A-4874, which is the same inmate identification number as Plaintiff. (*See* Dkt. 1 at 1).

the time of the filing of the instant Complaint on April 16, 2018, Plaintiff had accumulated at least three "strikes." *See also McClinton v. Popdan*, No. 18-CV-5937 AMD VMS, 2019 WL 1748604, at *6 (E.D.N.Y. Apr. 17, 2019) (noting that Plaintiff has had four *in forma pauperis* actions in the United States District Court for the Eastern District of New York "dismissed as frivolous or malicious or for failure to state a claim").

Therefore, the Court finds that Plaintiff has had at least three actions or appeals dismissed for being frivolous or failing to state a claim. Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status must be revoked unless he has plausibly asserted that he is under imminent danger of serious physical injury. *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010).

## II. <u>Imminent Danger of Serious Physical Injury</u>

The Second Circuit has instructed that "[a]n imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal citation and quotations omitted); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (explaining that "it is not sufficient to allege that harms had already occurred") (alteration and quotation omitted).

While § 1915(g) presents "only a threshold procedural question," which does not require "an overly detailed inquiry into . . . the allegations," there must still be a serious physical injury feared. *Chavis*, 618 F.3d at 169 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). There must also "be a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." *Akassy*, 887

F.3d at 97 (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). To assess whether the proper nexus exists, courts look to "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint[;] and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus*, 554 F.3d at 298-99.

In this case, the Amended Complaint repeats the allegations of the Complaint that Plaintiff was denied "adequate medical treatment and care" for chronic asthma, COPD, and diabetic neuropathy. (Dkt. 11 at 9). In its initial review of the Complaint, the Court found these same allegations insufficient to state a claim on which relief may be granted. (*See* Dkt. 10 at 12). In the Amended Complaint, Plaintiff does not describe any consequence of the alleged failure to treat his medical conditions. Plaintiff has also filed a document in both this Court and in the Eastern District entitled "Imminently Life Danger." (Dkt. 12). However, as the Eastern District noted, this document "does not allege any imminent physical danger. Instead, it renews plaintiff's complaints about his access to the law library and to legal papers." *Popdan*, 2019 WL 1748604, at *2.

Plaintiff's claims do not rise to the level of imminent danger of serious physical harm contemplated by § 1915(g). Accordingly, the Court finds that neither the Complaint nor the Amended Complaint alleges any serious and imminent physical harm at the time of its filing. Therefore, Plaintiff's permission to proceed *in forma pauperis* is denied and the Amended Complaint will be dismissed unless Plaintiff pays the filing and administrative fees of $400.00.

Plaintiff has also filed a motion for free copies of various pleadings filed in this action. (Dkt. 13). That motion is denied. *See Cerilli v. Arnone*, 3:11CV1822 SRU, 2012 WL 2872836, at *2 (D. Conn. July 10, 2012) (explaining that *in forma pauperis* status does not carry with it a right to "free copies of documents or rulings"). If Plaintiff requires copies of the documents at issue, he must request such copies from the Clerk of Court and pay the applicable fees.

## **CONCLUSION**

Plaintiff's *in forma pauperis* status is REVOKED. Plaintiff has **30 days** from the issuance of this Order to pay the $400.00 filing fees. If the filing fees are not paid by that date, the Amended Complaint shall be DISMISSED without prejudice, and the Clerk of Court shall terminate this action without further order of this Court. Plaintiff's Motion for Free Copies (Dkt. 13) is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 13, 2020
Rochester, New York